UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVE LIN,<br><br>    Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and TRINET EMPLOYEE BENEFIT INSURANCE PLAN,<br><br>    Defendants. | Case No: C 15-2126 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Dkt. 24, 28 |

Plaintiff Steve Lin, formerly an employee of TriNet Group Inc. ("Trinet"), brings the instant action under the Employee Retirement Income Security Act ("ERISA") to challenge the termination of his disability benefits. As Defendants, Plaintiff has named the Trinet Employee Benefit Insurance Plan ("Plan") and Metropolitan Life Insurance Company ("Metlife").

The parties are presently before the Court on: (1) Defendants' Motion for Judgment on the Pleadings; and (2) Plaintiff's Motion for Leave to File an Amended Complaint. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' motion for judgment on the pleadings and DENIES Plaintiff's motion for leave to amend as moot. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

Plaintiff began working for Trinet on May 9, 2007, most recently holding the position of Director of Polymer Technologies.  Compl. ¶ 6, Dkt. 1.  Plaintiff continued working for Trinet until April 29, 2010, at which time he could no longer work due to various medical conditions, including chronic renal failure following an organ transplant.  Id. ¶ 9.  Plaintiff applied and was approved for disability benefits under the Plan on April 29, 2010.

By letter dated July 22, 2014, Defendants notified Plaintiff that his benefits were terminated, stating that "medical documentation provided fails to substantiate ongoing Disability after 24 months of benefits payments."  Id. ¶ 12.   The letter, however, referenced the wrong job description and definition of "disability" under the Plan.  Id.  By letter dated January 16, 2015, Plaintiff appealed the denial and requested an additional fourteen days to provide additional information to support his claim of disability.  Id. ¶ 13.  Plaintiff submitted the supplemental information on January 28, 2015.  Id. ¶ 14.

On February 2, 2015, MetLife issued a "second denial letter," this time using the correct definition of "disability."  Id. ¶ 15.  Nonetheless, the letter repeated the same verbiage as the July 22 letter, stating that "the information received does not support a severity of physical functional impairments, frequency of treatment or impact to functionality that would preclude you from performing any gainful work or service for which you are reasonably qualified based on your education, training or experience."  Id.  Plaintiff has not received any benefits since July 21, 2014.  Id. ¶ 21.

### B. PROCEDURAL HISTORY

Plaintiff commenced the instant action in this Court on May 11, 2015.  The Complaint alleges two ERISA claims:  (1) claim for benefits, 29 U.S.C. § 1132(a)(1)(B); and (2) duty to provide documents, 29 U.S.C. § 1332(a)(1)(A) and (c)(1).  The first claim is based on the termination of Plaintiff's benefits on or about July 22, 2014.  The second claim is predicated on a request for "relevant documents" submitted by Plaintiff to

Defendants under 29 U.S.C. § 1332(a)(1)(A) and (c)(1) on September 8, 2014, and a request from February 10, 2015, for the qualifications of the medical reviewers and the internal guidelines and protocols used in processing his claim.  Id. ¶ 22.  As relief, the pleadings seek a declaration that Plaintiff is entitled to past due disability benefits, statutory penalties in the amount of $110 per day for failing to provide the requested plan documents, and an award of costs.

In response to the Complaint, Defendants asserted an affirmative defense that Plaintiff's claims are barred as a result of his failure to exhaust administrative remedies.  Answer ¶¶ 19, 28, Dkt. 9.  Ostensibly to ameliorate that issue, Plaintiff submitted a "voluntary" appeal to MetLife on July 31, 2015, which remains pending.  Plaintiff now seeks leave to file an amended complaint to include allegations regarding that appeal.  Defendants oppose Plaintiff's proposed amendment, arguing that he cannot cure his failure to exhaust by initiating an administrative appeal during the pendency of the lawsuit.  Defendants also separately filed a motion for judgment on the pleadings based on the failure to exhaust and a substantive challenge to Plaintiff's demand for statutory penalties.  The motions are fully briefed and are ripe for adjudication.

## II. DISCUSSION

### A. MOTION FOR JUDGMENT ON THE PLEADINGS

#### 1. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, a Rule 12(c) motion may be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

### 2. Exhaustion of Administrative Remedies

Defendants contend that Plaintiff's Complaint must be dismissed based on his failure to exhaust his administrative remedies prior to filing suit. Although not specifically mandated by ERISA, this Circuit requires an ERISA plaintiff to avail "herself of a plan's own internal review procedures before bringing suit in federal court." Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 626 (9th Cir. 2008) (citation omitted). The failure to exhaust may be excused when the pursuit of such remedies would be futile or a plan does not establish or follow claims procedures as required by ERISA. Id. at 626-27.

Here, Plaintiff tacitly concedes that he failed to exhaust his administrative remedies prior to instituting this action. By his own admission, Plaintiff did not appeal Defendants' February 2, 2015 rejection of his appeal until after he commenced the instant action. That being said, it is not entirely clear that dismissal of the Complaint is warranted. The Ninth Circuit has held that the failure to exhaust acts as a bar only if the plan documents expressly mandate exhaustion prior to seeking judicial review. Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282, 1298 (9th Cir. 2014) (holding that "a claimant need not exhaust when the plan does not require it."). Inexplicably, Defendants fail to acknowledge this rule—or to cite specifically where the exhaustion requirement is expressly stated in any plan document, if at all.[1] The Court therefore finds that Defendants have failed to demonstrate that Plaintiff's apparent failure to exhaust his administrative remedies requires the dismissal of his Complaint.

---

[1] In support of his opposition brief, Plaintiff submitted a copy of what appears to be a five- page summary of MetLife's claim filing procedure, which makes no mention of the exhaustion of administrative remedies being a prerequisite to filing a civil suit. Dkt. 32-1. At the same time, the Court notes that this document is not properly presented. While Defendants have not objected to the Court's consideration of this submission, it should have been accompanied by a request for judicial notice along with a description of what the document is or where it came from. For future reference, Plaintiff is advised to familiarize himself with the Federal Rules of Civil Procedure, as well as the Court's Local Rules and Standing Orders, and to comply with the same in the course of litigating this case.

### 3. Claim for Duty to Provide Documents

In his second claim, Plaintiff seeks the imposition of statutory penalties of $110 per day under 29 U.S.C. § 1132(c)(1) against Defendants based on their alleged failure to produce his claim file and other information. See Compl. at 8. ERISA regulations specify that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-l(h)(2)(iii).[2] A noncompliant administrator is liable for up to $110 per day for failing to produce requested plan documents within 30 days of the request. See 29 U.S.C. § 1132(c)(1)(B); 29 C.F.R. § 2570.502c-1; Sgro v. Danone Waters of N. Am., Inc., 532 F.3d 940, 945 (9th Cir. 2008) ("ERISA's remedies provision gives Sgro a cause of action to sue a plan 'administrator' who doesn't comply with a 'request for . . . information.'") (citing 29 U.S.C. § 1132(c)(1)).

Defendants contend that because neither of them is the plan administrator, statutory penalties cannot be imposed against them. The Court agrees. It is well settled that a claim for penalties under 29 U.S.C. § 1132(c)(1) can be brought only against the plan administrator to whom the document request was submitted. Sgro, 532 F.3d at 945. Neither of the Defendants is alleged to be a plan administrator. See Compl. ¶¶ 4-5. Plaintiff concedes as much and has correspondingly abandoned his claim for penalties; however, he asserts that Defendant MetLife remains obligated to produce the requested documents and information. Dkt. 32 at 6.[3] Plaintiff cites no authority to establish that he possesses a private right of action to compel MetLife to produce the documents specified in

---

[2] "Section 2560.503-1 is an implementing regulation for 29 U.S.C. § 1133, which provides that benefit plans must give adequate notice of a denial, as well as provide for full and fair review of the denial of a claim for benefits . . . ." Gurasich v. IBM Ret. Plan, No. 14-CV-02911-DMR, 2016 WL 362399, at *13 (N.D. Cal. Jan. 29, 2016).

[3] Defendants assert—and Plaintiff does not dispute—that the plan documents identify the plan administrator as Trinet Group, Inc., which is not a party to the action. In Plaintiff's reply brief in support of his motion for leave to amend, Plaintiff effectively concedes that neither of the Defendants is the plan administrator and purports to withdraw "any claim in the proposed Amended Complaint for statutory penalties." Dkt. 29 at 5. Given the lack of dispute, it is unclear why the parties were unable to resolve this issue during the meet and confer process.

29 C.F.R. § 2560.503-l(h)(2)(iii).  To the extent that Plaintiff is relying on the enforcement mechanism set forth in 29 U.S.C. § 1132(c)(1), that provision, as noted, only applies to plan administrators.  Moreover, given that Plaintiff has already made the decision to appeal the denial of his claim for benefits, it appears that his request is moot.  See Metzger v. UNUM Life Ins. Co. of Am., 476 F.3d 1161, 1167 (10th Cir. 2007) ("This provision [29 C.F.R. § 2560.503-1(h)(2)(iii)] 'is intended to provide claimants with adequate access to the information necessary to determine whether to pursue further appeal.") (citation and internal quotations omitted).

The Court therefore dismisses Plaintiff's second claim for relief.  Because further amendment would be futile, said claim is dismissed without leave to amend.

### B.   MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely grant leave to amend "when justice so requires."  Although requests to amend are typically granted with "extreme liberality," DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987), "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  "A proposed amended complaint is futile if it would be immediately subject to dismissal."  Nordyke v. King, 644 F.3d 776, 788 n.2 (9th Cir. 2011) (internal quotation marks omitted).  The test for assessing futility is "identical" to the test applied on a Rule 12(b)(6) motion.  Id.

Plaintiff seeks leave to amend to include factual allegations demonstrating that he exhausted his administrative remedies.[4]  As set forth above, however, the Court has determined—based on the record presented—that Defendants have failed to demonstrate that exhaustion of administrative remedies is a prerequisite to the filing of a civil action.  Plaintiff's rationale for amending his Complaint is therefore moot.

---

[4] The second claim in the proposed Amended Complaint is identical to the second claim in the original Complaint.  For the reasons stated above in connection with Defendants' motion for judgment on the pleadings, the Court finds that Plaintiff's claim for violation of 29 U.S.C. § 1332(a)(1)(A) fails to state a claim as a matter of law.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion for Judgment on the Pleadings is GRANTED IN PART and DENIED IN PART. Plaintiff's second claim for duty to provide documents is dismissed without leave to amend.

2. Plaintiff's Motion for Leave to File Amended Complaint is DENIED as moot.

IT IS SO ORDERED.

Dated: 4/22/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge