1
2
3
4

UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

OAKLAND DIVISION

7
8

STEVE LIN,

Case No:  C 15-2126 SBA

9

Plaintiff,

**ORDER RE SUPPLEMENTAL
BRIEFING**

10

vs.

11
12

METROPOLITAN LIFE INSURANCE
COMPANY and TRINET EMPLOYEE
BENEFIT INSURANCE PLAN,

13

Defendants.

14

15       Plaintiff Steve Lin brings the instant action under the Employee Retirement Income

16   Security Act to challenge the termination of his long-term disability benefits under TriNet

17   Employee Benefit Insurance Plan ("Plan").  Plaintiff claims that he is disabled within the

18   meaning of the Plan due to his chronic fatigue and headaches.  While disputing that

19   Plaintiff is disabled, Defendants contend, in the alternative, that even if he were, any right

20   to the payment of benefits has lapsed.  Defendants state:

21              The record shows that plaintiff's fatigue complaints had been
             ongoing for at least three years (see ADMIN 441) when his
22           claim terminated in August 2014 – but the Plan provides a
             maximum lifetime benefit for CFS of 24 months of payments.
23           (ADMIN 1280-81.) As such, if even plaintiff's subjective
             fatigue symptoms were properly attributable to [Chronic
24           Fatigue Syndrome], as the records of Dr. Zarghamee stated at
             several points, the 24-month period – which would start from
25           the inception of such symptoms – already had concluded prior
             to July 2014, when benefits terminated.
26

27   Dkt. 85 at 20; see also Dkt. 90 at 10-11.  In neither of his two briefs has Plaintiff addressed

28   this argument.  See Dkt. 37, 88.  Accordingly,

1

IT IS HEREBY ORDERED THAT:

2

1.      Plaintiff shall file a supplemental brief that specifically addresses Defendants'

3

argument as set forth above; to wit, that, even if he were found disabled, no further benefits

4

are due under the Plan.  Plaintiff's supplemental brief shall not exceed two (2) pages and

5

shall be filed by no later than <u>August 1, 2016</u>.

6

2.      In the alternative, the parties may consent to participate in a mandatory

7

settlement conference before a magistrate judge of their choice to take place forthwith.[1]  In

8

the event the parties agree to a settlement conference, the Court will refer the matter to the

9

selected magistrate judge for settlement and will hold the pending motion for summary

10

judgment and motion for judgment, along with the deadline for Plaintiff's supplemental

11

brief, in abeyance.  If the action does not settle, the Court will reset the deadline for

12

Plaintiff's supplemental brief and thereafter rule on the pending motions.  Should the

13

parties desire to proceed with a settlement conference at this time, they shall jointly notify

14

the Court in writing (which shall include their preference(s) for the settlement judge(s)) by

15

no later than <u>August 1, 2016</u>.

16

IT IS SO ORDERED.

17

Dated:  7/26/16

18

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

19

20

21

22

23

24

25

26

27

28

---

[1] If the parties cannot agree on a settlement judge, the Court will select one for them.